1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VALENTI LAW APC**
Matthew D. Valenti (SBN 253978)
E-mail: mattvalenti@valentilawapc.com
5252 Balboa Avenue, Suite 700
San Diego, California 92117
Phone: (619) 540-2189

Attorney for Stewart Thompson


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


STEWART THOMPSON,

            Plaintiff,

   vs.

INN AT THE STABLES LLC;
ROBERT GILSON; and DOES 1-10,

         Defendants.

Case No.:

COMPLAINT FOR:

DENIAL OF CIVIL RIGHTS AND
ACCESS TO PUBLIC FACILITIES
TO PHYSICALLY DISABLED
PERSONS IN VIOLATION OF THE
AMERICANS WITH DISABILITIES
ACT OF 1990, (42 U.S.C. §12101, *et
seq.*) AND THE UNRUH CIVIL
RIGHTS ACT, (CALIFORNIA CIVIL
CODE §51, *et seq.*)

<u>DEMAND FOR JURY TRIAL</u>

*"[T]he continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."* 42 U.S.C. §12101(a)(8).

*"It is the policy of this state to encourage and enable individuals with a disability to participate fully in the social and economic life of the state ..."* California Government Code §19230(a).

Plaintiff STEWART THOMPSON (hereinafter referred to as "Plaintiff") complains of INN AT THE STABLES LLC, a California limited liability company dba THE STABLES INN; ROBERT GILSON as an INDIVIDUAL AND TRUSTEE OF THE GILSON FAMILY TRUST; and DOES 1-10, (each, individually a "Defendant" and collectively "Defendants") and alleges as follows:

## I.    PARTIES

1.    Plaintiff STEWART THOMPSON is a California resident and a qualified physically disabled person. He has paralysis and uses a wheelchair for mobility. Plaintiff prides himself on his independence and on empowering other disabled persons to be independent.

2.    Defendants INN AT THE STABLES LLC, ROBERT GILSON, and DOES 1-10 are and were the owners, operators, lessors and/or lessees of the subject business, property, and facility at all times relevant in this Complaint.

3.    Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to

amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

4.    Defendants own and owned the property located at 730 Spring Street, Paso Robles, CA 93446 ("Subject Property") at all relevant times.

5.    Defendants operate and operated a hotel doing business as The Stables Inn ("Inn"), located at the Subject Property, at all relevant times.

6.    Plaintiff alleges that the Defendants have been and are the owners, franchisees, lessees, general partners, limited partners, agents, trustees, employees, subsidiaries, partner companies and/or joint ventures of each of the other Defendants, and performed all acts and omissions stated herein within the course and scope of such relationships causing the damages complained of herein.

## II.    JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) and (a)(4) for violations of the Americans with Disabilities Act of 1990, U.S.C. §12101, *et seq*.

8.    Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising out of the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which expressly incorporates the Americans with Disabilities Act.

9.    Venue is proper in this court pursuant to 28 U.S.C. U.S.C. §1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

## III.    FACTS

10.    Plaintiff uses a wheelchair for mobility.

11.    Defendants' business is open to the public, a place of public accommodation, and a business establishment.

12.    Defendant's Inn and all of its rooms were completely remodeled and altered in or around 2022. Such alterations trigger a legal duty to ensure accessible

parking and accessible common areas, as well as a minimum number of rooms with mobility features. 2010 ADA §224 et seq.; 2022 CBC 11B-224 et seq..

13.    In the spring of 2024 Plaintiff wanted to take his wife on a romantic, surprise trip to the area to celebrate their anniversary. Plaintiff and his wife enjoy vacationing in Paso Robles. Enticed by the Inn's convenient location, modern facilities, and high customer ratings, Plaintiff sought to book a room at the Inn for three nights.

14.    On or around April 1, 2024, Mr. Thompson visited the Inn's website to obtain information about the Inn's wheelchair accessible guest rooms. He found that the website did not indicate whether the Inn has wheelchair accessible rooms, nor did the website describe any features of wheelchair access that may be provided at the Inn.

15.    That same day, Plaintiff called the Inn to inquire about the availability of wheelchair accessible guest rooms. He spoke to a front desk staff member, who told him that she was "not sure" about the Inn's accessibility. She reported that there was "only a step or two to get in," and that the guest room "should be about right," or words to that effect. Plaintiff was dismayed and frustrated by the lack of clear information regarding wheelchair accessibility at the Inn.

16.    Because Defendants did not offer persons with disabilities equivalent facilities, privileges, advantages, and accommodations offered to other persons he decided to keep looking for an accessible accommodation for himself and his wife. He chose to stay at a different hotel in the area with confirmed wheelchair accessible facilities and amenities.

17.    Plaintiff would like to patronize the Inn, but he is deterred from doing so unless and until it is brought into full compliance with federal and/or California disabled access standards. These include, but are not limited to, providing at least the minimum required number of wheelchair accessible guest rooms; ensuring that the Motel's common areas (including public parking facilities, check-in areas, and

gathering areas) are wheelchair accessible; and, once the property is fully compliant with federal and California law (including California access standards that are additional to and/or more stringent than ADA standards), updating the website to provide information about disabled access and accessible accommodations at the Inn, to the extent it has not already been done, as required by law. 2010 ADA §224 et seq.; 2010 ADA §404.2.3; 2010 ADA §806 et seq.; 2022 CBC 11B-224 et seq.; 2022 CBC 11B-224.6; 2022 CBC 11B-225; CBC 11B-404.2.3; 2022 CBC 11B-806 et seq.; 2022 CBC 11B-806.3.1; 2022 CBC 11B-702; 28 C.F.R. §36.302 et seq.

18.    These inaccessible conditions and barriers denied Plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

19.    These barriers denied Plaintiff full and equal access due to his disability because, *inter alia*, they caused Plaintiff anxiety, difficulty, discomfort, and embarrassment which patrons who do not use a wheelchair for mobility do not suffer if they desire to access the Subject Property.

20.    Plaintiff encountered barriers that interfered with and denied Plaintiff the ability to use and enjoy the goods, services, privileges, advantages, and accommodations offered by Defendants at the Subject Property.

21.    These barriers violate one or more standards of the Americans with Disabilities Act ("2010 ADA") and/or the California Building Codes ("2022 CBC").

22.    The barriers existed during Plaintiff's attempt to visit the Subject Property.

23.    These barriers denied Plaintiff full and equal access due to his disability because, *inter alia*, they caused Plaintiff anxiety, difficulty, discomfort, and embarrassment which patrons who do not use a wheelchair for mobility do not suffer when they desire to access the Subject Property.

24.    Plaintiff has Article III standing because he attempted to visit the subject property for a vacation stay with his wife. Both he and his wife enjoy vacationing in Paso Robles. Plaintiff intends to return to the Subject Property in the near future to vacation after the accessibility barriers alleged herein have been removed. Until then, he is deterred from booking a room at the Inn.

25.    Plaintiff alleges that Defendants knew that the barriers prevented equal access. Plaintiff further alleges that Defendants had actual or constructive knowledge that the architectural barriers prevented equal access, and that the noncompliance with the Americans with Disabilities Act and Title 24 of the California Building Code regarding accessible features was intentional.

26.    Defendants have obstructed or failed to maintain, in working and useable conditions, those features necessary to provide ready access to persons with disabilities. "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities." 28 C.F.R. §36.211(a); 2022 CBC 11B-108.

27.    The State of California Department of General Servicers, Division of the State Architect (DSA) provides commentary to 2022 CBC 11B-108 as follows:

> Features for accessibility must be permanently functional, unobstructed and may not be removed.  It is not sufficient to provide features such as accessible routes, parking, elevators, ramps or signage if those features are not maintained in a manner that enables individuals with disabilities to use them.

DSA, 2019 California Access Compliance Advisory Reference Manual, p.84.

28.    Defendants have the financial resources to remove these barriers without much expense or difficulty in order to make their property more accessible to their mobility impaired customers. The United States Department of Justice has identified that these types of barriers are readily achievable to remove.

29.     To date, Defendants refuse to remove these barriers, in violation of the law, willfully depriving disabled persons including Plaintiff of important civil rights.

30.     On information and belief, Plaintiff alleges that the Defendants' failure to remove these barriers was intentional because the barriers are logical and obvious. During all relevant times Defendants had authority, control, and dominion over these conditions and therefore the absence of accessible facilities was not a mishap, but rather an intentional act.

31.     The barriers to access are listed above without prejudice to Plaintiff citing additional barriers to equal access by an amended complaint after inspection by Plaintiff's Certified Access Specialist (CASp). *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, are barriers Plaintiff may encounter when he returns to the premises. All public accommodations must be brought into compliance with all applicable federal and state accessibility requirements.

## FIRST CAUSE OF ACTION

Violation of the Americans With Disabilities Act of 1990

(42 U.S.C. §12101, *et seq.*)

(Against All Defendants)

32.     Plaintiff alleges and incorporates by reference, as if fully set forth again herein, each and every allegation contained in all prior paragraphs of this complaint.

33.     More than thirty years ago, the 101st United States Congress found that although "physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental

disabilities have been precluded from doing so because of discrimination…in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services." 42 U.S.C. §12101(a).

34.    In 1990 Congress also found that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals," but that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101(a).

35.    In passing the Americans with Disabilities Act of 1990, which was signed into law by President George H. W. Bush on July 26, 1990 (hereinafter the "ADA"), Congress stated as its purpose:

"It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day to-day by people with disabilities."

42 USC §12101(b).

36.    As part of the ADA, Congress passed "Title III – Public Accommodations and Services Operated by Private Entities" (42 U.S.C. §12181 *et seq*.). Title III of the ADA prohibits discrimination against any person "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a).

37.    The specific prohibitions against discrimination include, *inter alia*, the following:

- 42 U.S.C. §12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

- 42 U.S.C. §12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

- 42 U.S.C. §12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

- 42 U.S.C. §12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

- 42 U.S.C. §12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages,

or accommodations available through alternative methods if such methods are readily achievable."

38.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

39.    The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq.*

40.    The removal of each of the physical and policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of §12181 and §12182 of the ADA.  Removal of each and every one of the architectural and/or policy barriers complained of herein was already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per §12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per §12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

41.    On information and belief, as of the date of Plaintiff's encounter at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. §12182 and §12183 of the ADA.

42.   Defendants' actions continue to deny Plaintiff's rights to full and equal access and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of the ADA, 42 U.S.C. §12182.

43.   Further, each and every violation of the Americans With Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code §51(f), §52, §54(c) and §54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code §54.3 and §55.

## SECOND CAUSE OF ACTION

Violation of the Unruh Civil Rights Act

(California Civil Code §51, *et seq.*)

(Against All Defendants)

44.   Plaintiff alleges and incorporates by reference, as if fully set forth again herein, each and every allegation contained in all prior paragraphs of this complaint.

45.   California Civil Code §51 provides that physically disabled persons are free and equal citizens of the state, regardless of their medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, **disability, or medical condition** are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

California Civil Code §51(b) (emphasis added).

46.   California Civil Code §51.5 also states, in part: "No business, establishment of any kind whatsoever shall discriminate against…any person in this state on account" of their disability.

47.    California Civil Code §51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

48.    California Civil Code §52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general antidiscrimination provisions of §51 and §52.

49.    Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code §52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

50.    Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code §52.  Per Civil Code §51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

51.    The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §51 and §52.

52.    The discriminatory denial of equal access to and use of the described public facilities caused Plaintiff difficulty, discomfort, and embarrassment.

53.    As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code §51 and §52, and are responsible for statutory, compensatory and actual damages to Plaintiff, according to proof.

**PRAYER FOR RELIEF**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California.

The need for relief is critical because the civil rights at issue are paramount under the laws of the United States of America and the State of California.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.      Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the Subject Property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA §12188(a) and state law directing Defendants to provide facilities and services usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies; and to train Defendants' employees and agents how to recognize disabled persons and accommodate their rights and needs;

2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public

facilities and policies as complained of herein no longer occur, and cannot recur;

      3.    Award to Plaintiff all appropriate damages, including but not limited to actual and statutory damages according to proof;

      4.    Award to Plaintiff all reasonable attorney fees, litigation expenses, and costs of this proceeding pursuant to 42 U.S.C §12205 and California Civil Code §52; and

      5.    Grant such other and further relief as this Court may deem just and proper.

DATED: January 31, 2025           **VALENTI LAW APC**

                            By:   */s/ Matthew D. Valenti*

                                  Matthew D. Valenti
                                  Attorney for Plaintiff
                                  Stewart Thompson

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims and issues for which a jury is permitted.


DATED: January 31, 2025                    **VALENTI LAW APC**


                              By:   */s/ Matthew D. Valenti*
                                    _____
                                    Matthew D. Valenti
                                    Attorney for Plaintiff
                                    Stewart Thompson